```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION
```

| | |
|---|---|
| JOSEPH HARGROVE, JR. and § <br> SHARON HILL, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> WMC MORTGAGE CORPORATION, § <br> MORTGAGE ELECTRONIC § <br> REGISTRATION SYSTEMS, INC., § <br> HOMEQ SERVICING CORPORATION, § <br> DEUTSCHE BANK NATIONAL TRUST § <br> COMPANY, as Trustee under § <br> Pooling and Servicing § <br> Agreement Dated as of § <br> DECEMBER 1, 2006 Securitized § <br> Asset Backed Receivables § <br> LLC Trust 2006-WMC4 Mortgage § <br> Pass-Through Certificates, § <br> Series 2006-WMC4, UNKNOWN § <br> SHELL COMPANY, UNKNOWN HOLDER § <br> OF THE FIRST NOTE, UNKNOWN § <br> HOLDER OF THE SECOND NOTE, § <br> and MANN & STEVENS, P.C., § <br> § <br> Defendants. § | CIVIL ACTION NO. 07-2468 |

## MEMORANDUM AND ORDER

Pending are Defendant Mann & Stevens, P.C.'s Motion for Summary Judgment (Document No. 34), Defendants WMC Mortgage Corp.'s, Mortgage Electronic Registration Systems, Inc.'s, Barclays Capital Real Estate, Inc. d/b/a HomEq Servicing Corporation's, and Deutsch Bank National Trust Company's Motion to Strike Plaintiffs' Pleadings or, in the Alternative, to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Document No. 41), and Plaintiffs Joseph Hargrove Jr.'s and Sharon Hill's Motion for Extension of Discovery Deadline

(Document No. 44) and amendment thereto (Document No. 45). After carefully considering the motions, responses, and the applicable law, the Court concludes as follows.

## I. Background

*Pro se* Plaintiffs Joseph Hargrove, Jr. and Sharon L. Hill ("Plaintiffs") challenge the enforceability of the instruments documenting two loan transactions they entered with Defendant WMC WMC Corporation ("WMC") that involved mortgages on their home (the "Property"). Document No. 28 ¶¶ 10, 17-18. According to Plaintiffs' Amended Complaint, Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is the owner and holder of the promissory notes, id. ¶ 38, and, although not specifically identified as such, Defendant Barclays Capital Real Estate, Inc. d/b/a HomEq Servicing Corporation ("HomEq") is implied as the entity that serviced the disputed loans, *see, e.g.*, id. ¶¶ 44, 56-58. The Amended Complaint also alleges that Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") holds the security interests in the Property, and Defendant Mann & Stevens, P.C. ("Mann & Stevens") filed a notice of substitute trustee's sale regarding the Property in the county records. Id. ¶¶ 47, 107.

After Plaintiffs received a notice of default from HomEq, they filed this suit against WMC, MERS, Deutsche Bank, HomEq, Mann & Stevens, and other "unknown" entities, asserting: (1) violations of

the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, by all Defendants; (2) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692*o* by HomEq; and (3) numerous state law claims against one or more of Defendants. WMC, MERS, Deutsche Bank, and HomEq moved for a more definite statement, which the Court granted. Document No. 11; Document No. 26. Plaintiffs filed an Amended "Verified" Complaint (the "Amended Complaint"), that varied only slightly from their deficient Original Complaint. Document No. 28.

WMC, MERS, Deutsche Bank, and HomEq moved again for a more definite statement. Document No. 29. On June 17, 2008, the Court granted the motion and ordered Plaintiffs to "amend their Amended Verified Complaint in conformity with the Motion and this Order on or before June 27, 2008." Document No. 35 at 1. Instead of filing an amended pleading, Plaintiffs on June 27, 2008, moved to enlarge the time for filing the Second Amended Complaint. Document No. 38. The Magistrate Judge denied the motion by Order dated July 7, 2008. Document No. 39.[1]

---

[1] Plaintiffs did not appeal the Magistrate Judge's Order, which became final, and some weeks later, in violation of the Order, they filed what they denominated as their Second Amended Complaint. Plaintiffs' contention that the order denying their motion for an extension was "confusing" does not constitute excusable neglect, and no other excuse has been given. The Second Amended Complaint is therefore stricken as untimely.

WMC, MERS, Deutsche Bank, and HomEq now move, *inter alia*, to dismiss pursuant to Rule 12(b)(6), contending that Plaintiffs have pled insufficient facts in their Amended Complaint to support their federal and state law claims. Document No. 40; Document No. 41.

## II. Discussion

A. Motion to Dismiss the Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)

    1. Standard of review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). However, to survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on

the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1964-65 (citations, internal quotation marks and footnote omitted); *see also, e.g.*, Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (requiring that the complaint "plead specific facts, not mere conclusory allegations" (internal quotation marks omitted)).

2. Federal Claims

WMC, MERS, Deutsche Bank, and HomEq contend that the Amended Complaint pleads insufficient facts to support Plaintiffs' federal law claims for rescission and damages under the Truth in Lending Act ("TILA"), and under the Federal Debt Collection Practices Act ("FDCPA"). Document No. 41 at 7-8, 11. The TILA claim only alleges conclusorily that "WMC failed to give disclosures required by 15 U.S.C. §[§] 1631-1635," and "failed to make correct disclosures, and made incorrect disclosures, in violation of 15 U.S.C. § 1638(a) and (b)." Document No. 28 ¶¶ 71, 76. However, these statutes prescribe numerous distinct requirements pertaining to the form, content, and timing of disclosures a creditor is required to provide in a consumer credit transaction. *See* 15 U.S.C. §§ 1631, 1635, 1638(a) & (b). In spite of being granted two opportunities to replead with a more definite statement, Plaintiffs have failed to identify which of the numerous TILA disclosure requirements were allegedly violated by WMC, a deficiency that

warrants dismissal of their TILA claims. *See, e.g.*, Marks v. Ocwen Loan Servicing, No. C 07-02133 SI, 2007 WL 2409523, at *2 (N.D. Cal. Aug. 21, 2007) (granting a Rule 12(b)(6) motion to dismiss a TILA claim that failed to allege which disclosure requirement the creditor purportedly violated); Matthews v. Homecoming Fin. Network, No. 03 C 3115, 2005 WL 2387688, at *5 (N.D. Ill. Sept. 26, 2005) (dismissing a TILA claim that conclusorily alleged the defendant creditor "violated at least one of the disclosure provisions of the Act").

Additionally, the only false statement alleged in the Amended Complaint as a violation of § 1638(a) or (b) is a purported misrepresentation by WMC in its Truth in Lending Disclosure Statement "that the 20% mortgage was from People's Choice Mortgage, Inc." Document No. 28 ¶ 31.  Again, Plaintiffs have not specified, as they must, which of the numerous disclosure requirements listed in § 1638(a) or (b) was violated by this alleged misstatement, and, indeed, none facially applies.  *Cf.* Blanks v. Ford Motor Credit, No. Civ.A. 3:04-CV-0331, 2005 WL 43981, at **1, 4 (N.D. Tex. Jan. 7, 2005) (holding *pro se* plaintiff's failure to cite to any provision of TILA allegedly violated by the defendant's posting of plaintiff's personal information on his automobile account and failure to correct a billing error warranted dismissal of the TILA claim under Rule 12(b)(6)).  Plaintiffs' further allegation in their Amended Complaint is that "Upon information and belief, there

6

were other false statements in the Security Documents, yet to be discovered." This allegation is wholly speculative and conclusory, and does not satisfy the pleading requirements under Rule 8(a). *See, e.g.*, Twombly, 127 S. Ct. at 1965 (requiring that factual allegations raise a right to relief above the speculative level). In sum, Plaintiffs have failed sufficiently to apprise WMC of any basis for their TILA claims even after having been given two opportunities to amend, and, accordingly, their claims for rescission and for damages under the TILA are dismissed on the merits.

For similar reasons, Plaintiffs' claim against HomEq under the Federal Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o, is no less deficient. Again, and after having had opportunities to replead, Plaintiffs provide nothing more than a formulaic recitation of § 1692(e)'s proscription that a debt collector not employ "false, deceptive, and misleading representatation[s]" and § 1692(f)'s proscription against "unfair and unconscionable means" to collect a debt. *See* Document No. 28 ¶¶ 104-05; *see also, e.g.*, Twombly, 127 S. Ct. at 1965. No facts are alleged under either subsection, however, "to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965. The absolute deficiency of Plaintiffs' FDCPA claim is exemplified by their specific reliance on paragraph 44 of the Amended Complaint, which reads in its entirety as follows:

7

>   44. Accounting errors happen all the time.  Therefore, Plaintiffs allege that HomEq did not credit all payments to Plaintiffs' account.

This kind of global allegation that bad things "happen," and therefore something bad must have happened to me, states no cognizable cause of action whatever.

The only other sentence purporting to raise a FDCPA claim asserts that Plaintiffs "sent dispute letters to [HomEq] and [HomEq] continued debt collection attempts without verifying the debt."  Document No. 28 ¶ 105.  Under Section 1692g(b) of the FDCPA, a debt collector who receives a consumer's written notification disputing any portion of the debt must cease collection until the debt is verified, but *only if* the consumer's notification was provided to the collector within *30 days* after the consumer's receipt of a notice from the debt collector advising, among other things, that the debt would be assumed valid if the consumer failed to dispute the debt within that 30-day period.  15 U.S.C. § 1692g(a), (b).  The Amended Complaint makes no allegation as to when Plaintiffs purportedly sent their debt dispute letters to HomEq, let alone whether they sent any within a 30-day period after having received a § 1692g(a) notice of debt from HomEq. Again, Plaintiffs have wholly failed to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974.  Because Plaintiffs have neither pled a plausible claim for relief under the FDCPA, nor alleged sufficient

facts to apprise HomEq of the basis for their claim, Plaintiffs' FDCPA claim is dismissed on the merits.

B.   Remaining State Law Claims

Given the dismissal of Plaintiffs' federal claims, which are the only basis for original jurisdiction in this Court,[2] the question arises whether to exercise supplemental jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1367.

The general rule, though not absolute, is that when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 108 S. Ct. 614, 619 n.7 (1988); (analyzing United Mine Workers v.

---

[2] Although Plaintiffs also alleged diversity jurisdiction in their Amended Complaint, s*ee* Document No. 28 ¶ 1, the record reflects that Plaintiffs and Defendant Mann & Stevens, P.C., a Texas Professional Corporation whose principal place of business is in Houston, Texas, *see* Document No. 9-2, are both citizens of Texas.  *See* Document No. 9 ex. A; Document No. 28 at 2; *see also* 28 U.S.C. § 1332(c)(2); Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix, & von Gontard, P.C., 385 F.3d 737, 739 (7th Cir. 2004) (holding that a professional corporation is treated as any other corporation for diversity purposes); Kuntz v. Lamar Corp., 385 F.3d 1177, 1183 (9th Cir. 2004) (explaining that, regardless of the P.C.'s "individual structure, purpose, operations, or name," its citizenship is determined by reference to the general test for corporations).  Therefore, there is no diversity jurisdiction. *See* Ruhrgas AG v. Marathon Oil Co., 119 S. Ct. 1563, 1568 n.2 (1999) (citing Strawbridge v. Curtiss, 3 Cranch 267 (1806), for the principle that complete diversity is required under 28 U.S.C. § 1132); Farrell Constr. Co. v. Jefferson Parish, La., 896 F.2d 136 (5th Cir. 1990) (same).

Gibbs, 86 S. Ct. 1130, 1139 (1966)); *see also* Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999) (same). Moreover, only one of Defendants has filed an answer, and the parties have not undertaken any pretrial discovery. To decline jurisdiction over Plaintiffs' remaining state law claims at this early stage of litigation is therefore appropriate. *See* Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992) (explaining that, under Cohill, dismissal of a federal claim at an "early stage" of litigation provides a "powerful reason to choose not to continue to exercise jurisdiction" (internal quotation marks omitted)). Accordingly, the Court will dismiss Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(3). Defendant Mann & Stevens, P.C.'s Motion for Summary Judgment (Document No. 34) and Plaintiffs Joseph Hargrove Jr.'s and Sharon Hill's Motion for Extension of Discovery Deadline (Document No. 44) and amendment thereto (Document No. 45) are both denied without prejudice as moot.

### III. Order

It is therefore ORDERED that Defendants WMC Mortgage Corp.'s, Mortgage Electronic Registration Systems, Inc.'s, Barclays Capital Real Estate, Inc. d/b/a HomEq Servicing Corporation's, and Deutsch Bank National Trust Company's Motion to Strike Plaintiffs' Pleadings or, in the Alternative, to Dismiss Pursuant to Fed. R.

Civ. P. 12(b)(6) (Document No. 41) is GRANTED IN PART, and all alleged federal claims asserted by Plaintiffs Joseph Hargrove Jr. and Sharon Hill in the Amended Complaint to wit, their "Second Cause of Action" under the Truth in Lending Act, and "Sixth Cause of Action" under the Federal Debt Collection Practices Act (Document No. 28), are DISMISSED ON THE MERITS.

It is further ORDERED that Plaintiffs' remaining state law claims are DISMISSED WITHOUT PREJUDICE.  Defendant Mann & Stevens, P.C.'s Motion for Summary Judgment (Document No. 34), and Plaintiffs' Motion for Extension of Discovery Deadline (Document No. 44) and amendment thereto (Document No. 45) are DENIED without prejudice as MOOT.

Plaintiffs are reminded that the period of limitations to file their state claims in state court is tolled for a period of thirty (30) days after the claims are dismissed unless state law provides for a longer tolling period.  28 U.S.C. § 1367(d).

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 29th day of August, 2008.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE